```
                 UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY HARRIS,                      :  CIVIL NO: 3:12-CV-00555
                                   :
          Plaintiff                :
                                   :  (Judge Nealon)
     v.                            :
                                   :  (Magistrate Judge Smyser)
DAUPHIN COUNTY PRISON and          :
DAUPHIN COUNTY COURTS,             :
                                   :
          Defendants               :
```

**REPORT AND RECOMMENDATION**

We have reviewed the complaint in this case in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that it fails to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint. But she has not filed a proper amended complaint. We recommend that the complaint be dismissed and the case filed be closed.

I. Background and Procedural History.

The plaintiff is a prisoner proceeding *pro se*. She commenced this 42 U.S.C. § 1983 case by filing a complaint. She also filed an application for leave to proceed *in forma pauperis.*

The complaint names as defendants the Dauphin County Prison and the Dauphin County Courts.  The allegations of the complaint are difficult to understand, and some of them are bizarre.[1]  Generally, she is complaining about the conditions of her confinement.

The plaintiff is seeking compensatory damages and release from prison.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

---

1.  Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  But the court "need not inquire *sua sponte* into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Powell v. Symons,* __ F.3d __, 2012 WL 1066740 at *4 (3d Cir. Mar. 30, 2012)(citing *Ferrelli v. River Manor Health Care Center,* 323 F.3d 196, 201 (2d Cir. 2003)).

2

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

3

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

4

>              (2) seeks monetary relief from a
>        defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The complaint fails to state a claim upon which relief may be granted.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

The Dauphin County Prison is a part of the municipal government of Dauphin County. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To state a claim against a municipality, the plaintiff must allege that the violation of her rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d

6

261, 275 (3d Cir. 2000). Since the plaintiff has failed to allege that a policy, custom, or practice of Dauphin County or the Dauphin County Prison violated her rights, the complaint fails to state a claim upon which relief may be granted against the Dauphin County Prison.

The plaintiff's claim against the Dauphin County Courts is barred by the Eleventh Amendment. *See Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233, 241 (3d Cir. 2005)(holding that a Pennsylvania court is a state entity entitled to immunity from suit in federal court pursuant to the Eleventh Amendment).

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." To the extent that the plaintiff is seeking release from confinement, she may not do so by way of a civil rights action.

7

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We granted the plaintiff leave to file an amended complaint to attempt to state a claim upon which relief may be granted regarding the conditions of her confinement.

The plaintiff did not file an amended complaint. She did, however, file a document on May 3, 2012. That document cannot reasonably be construed as an amended complaint. It is a rambling mess. The plaintiff herself admits as much in that the first sentence of the document reads: "You can sort threw this mess!" Even if the document is construed as an amended complaint, it fails to state a claim upon which relief may be granted for the same reasons that the complaint fails to state a claim upon which relief may be granted. Further leave to amend would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: May 18, 2012.