IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
JUN 1 4 2012
PER _____
DEPUTY CLERK

| | |
|---|---|
| TAMMY HARRIS, : | |
| Plaintiff : | |
| : | CIVIL NO. 3:12-CV-555 |
| v. : | |
| : | (JUDGE NEALON) |
| DAUPHIN COUNTY PRISON, et al., : | (MAGISTRATE JUDGE SMYSER) |
| Defendants : | |

## MEMORANDUM

On March 28, 2012, Plaintiff, Tammy Harris, an inmate currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania filed a civil rights complaint. (Doc. 1). On April 17, 2012, Magistrate Judge J. Andrew Smyser issued an Order granting Plaintiff's application to proceed in forma pauperis. (Docs. 2, 7). Additionally, the Magistrate Judge screened the complaint and determined that Plaintiff failed to state a claim upon which relief may be granted, but afforded her an opportunity to file an amended complaint on or before May 11, 2012. (Doc. 7). On May 3, 2012, Plaintiff filed an eighteen page hand-written, unsigned document. (Doc. 8). On May 18, 2012, Magistrate Judge Smyser issued a Report and Recommendation ("R&R") concluding that Plaintiff failed to file a proper amended complaint and recommending that the complaint(s) be dismissed and the be case closed. (Doc. 9). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard.

1

Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

**Discussion**

The R&R outlines the applicable pleading standards. See (Doc. 9, pp. 2-4), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). The Magistrate Judge then discusses the screening requirements of 28 U.S.C. § 1915A, which provides for dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. (Doc. 9, pp. 4-5); see also 28 U.S.C. § 1915(e).

2

Magistrate Judge Smyser finds Plaintiff's civil rights complaint to be a section 1983 action,[1] under which "a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" (Doc. 9, p. 5) (quoting Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005)). The R&R explains that liability may not be imposed on the basis of respondeat superior. (Doc. 9, p. 6) (quoting Monell v. Dep't of Soc. Services of New York, 436 U.S. 658, 692 (1978); Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010)). Magistrate Judge Smyser concludes that because Plaintiff failed to allege that a policy, custom, or practice of Defendants' violated her rights, she failed to state a claim upon which relief may be granted. (Id.).

The R&R also determines that Defendant Dauphin County Courts is immune from liability based on the Eleventh Amendment. (Doc. 9, p. 7) (citing Benn v. First Judicial District of Pennsylvania, 426 F.3d 233, 241 (3d Cir. 2005)). Moreover, "[t]o the extent that the plaintiff is seeking release from confinement, she may not do so by way of a civil rights action." (Id.) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Magistrate Judge Smyser notes that Plaintiff was previously afforded an opportunity to amend her complaint to state a claim for relief, but that the document she filed in response "cannot reasonably be construed as an amended complaint." (Id.), quoting (Doc. 8) (The first sentence reads: "You can sort threw [sic] this mess!"). The Magistrate Judge concludes that further leave to amend would be futile and recommends dismissal. (Doc. 9, pp. 8-9) (citing Grayson v. Mayview State Hospital, 293 F.3d

---

[1] Plaintiff initially used this Court's standard form to file a civil rights complaint, but indicated that it should be filed under both 28 U.S.C. § 1331 (federal officials) and 42 U.S.C. § 1983 (state officials). See (Doc. 1, p. 1). However, because the caption listed the Dauphin County Prison and the Dauphin County Courts as Defendants, Plaintiff's claims are correctly construed under section 1983.

3

103, 114 (3d Cir. 2002), for the holding that a court must grant leave to amend unless amendment would be inequitable or futile).

After review and in the absence of objections, this Court finds no error in the R&R. The Undersigned agrees that the original complaint[2] failed to state a cognizable claim for relief and that the document Plaintiff filed on May 3, 2012 cannot reasonably be construed to be an amended complaint. Plaintiff was advised that any amended complaint must be complete in all respects and must comply with the Federal Rules of Civil Procedure. See (Doc. 7, pp. 8-9). Nevertheless, the document does not have a caption, the claims are not stated in numbered paragraphs, and Plaintiff failed to sign the pleading, as required by Rules 10 and 11 of the Federal Rules of Civil Procedure. Plaintiff's document does not contain a "short and plain statement" of the claim or the relief sought. See FED. R. CIV. P. 8. Rather, the filing contains rambling nonsensical allegations. See (Doc. 8, pp. 7, 17) (stating, inter alia, "I have the Dauphin County Seals in my body", ..."Do you hear voices in your head? Yes everyone does! Your

---

[2]Although the caption of the original complaint listed the Dauphin County Prison and the Dauphin County Courts as Defendants, when asked about additional Defendants, Plaintiff wrote that she did not know all the names and "Do your investigation cause my [sic] isn't 'good' enoff [sic] for you!" (Id. at pp. 1, 3). In the claim section, Plaintiff alleged, inter alia,:

> Dec. 24, 11 stripped search at least twice Don't use drugs on me! that's a salt bath Fraudulent drugs only has a salt effect on your body that's Rape...

> Feb. 4 Illegal search & seizure had no probable cause/ they ar [sic] guilty beyond reasonable doubt. Nothing their/ strip search- Rape conspiracy to commit murder torture measure whole time...

(Doc. 1, p. 3). Plaintiff also randomly mentioned denial of access to law library, lack of toilet paper, having seals in her body, and other scattered allegations. She failed, however, to state any comprehensible claim for relief. Accordingly, Magistrate Judge Smyser correctly found that the original complaint, (Doc. 1), failed to state a claim upon which relief may be granted and directed Plaintiff to file an amended complaint. See (Doc. 7).

suppose to.", and ..."I'm not a car"). After reviewing the original complaint and the May 3, 2012 document, this Court agrees with Magistrate Judge Smyser that granting Plaintiff further leave to amend would be futile. Accordingly, the R&R will be adopted and the action dismissed.

    A separate Order will be issued.

Date: June 14, 2012                                            **United States District Judge**